UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MICHAEL GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-2182-CSB-DGB |
| | ) |
| SCOTT BENNETT and | ) |
| JANIE MILLER JONES, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW OPINION

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Michael Glover's claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that

1

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Glover is a pre-trial detainee in the Champaign County Jail. Glover has filed this suit making a singular complaint: Defendants Scott Bennett (an Assistant State's Attorney in Champaign County) and Janie Miller Jones (a Deputy Public Defender in Champaign County, who is also his criminal defense attorney) violated his constitutional rights by tampering with his mail. Glover claims that Bennett unlawfully intercepted a letter than he wrote to a Coles County Judge and that Jones should have reported this illegality to the proper authorities. Accordingly, Glover asks for monetary damages and for Defendants to be prosecuted.

Glover has filed this suit pursuant to 42 U.S.C. § 1983. "To prevail in this section 1983 action, [Glover] must establish (1) that he had a constitutionally protected right, (2) that he was deprived of that right, (3) that [the defendant] intentionally deprived him of that right and (4) that

2

[the defendant] acted under color of state law." *Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010).

Glover's Complaint fails to state a cause of action under § 1983 because he has failed to allege that he had a constitutionally protected right that Defendants allegedly violated. Contrary to his allegation, Glover had no expectation of privacy in his non-privileged mail. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996)("prison employees can open official mail sent by a court clerk to an inmate without infringing on any privacy right").

Glover's letter to the Coles County Judge was not protected by the attorney-client privilege or by any other privilege. As a result, Glover had no expectation of privacy in his letter to the Judge. Even assuming *arguendo* that Defendants opened his mail as he alleges, Defendants did not violate Glover's constitutional rights in doing so, and therefore, Glover's Complaint must be dismissed for failure to state a cause of action upon which relief can be granted.

**IT IS, THEREFORE, ORDERED that:**

**1.     Plaintiff Michael Glover's motion to amend his complaint [D/E 2] is GRANTED.**

**2.     Plaintiff Michael Glover's motion to proceed in forma pauperis [D/E 4] is also GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court finds that Glover possesses no funds with which to make an initial partial filing fee. However, the agency having custody of Glover is directed to make monthly payments of 20 percent of the preceding month's income credited to Glover's account to the Clerk of Court. The agency having custody of Glover shall forward these payments each time Glover's account exceeds $10.00**

until the filing fee of $350.00 is paid in full even though his case has been dismissed.  The Clerk is directed to mail a copy of this order to Glover's place of confinement to the attention of the Trust Fund Office.

3. Plaintiff Michael Glover's motion to request counsel [D/E 3] is DENIED.

4. Plaintiff Michael Glover's Amended Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.  Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

5. This dismissal shall count as one of Glover's three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

6. If Glover wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal.  Fed. R. App. P. 24(a)(1)(C).  If Glover does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

7. This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

Entered this 18th day of December 2013.

       /s Colin S. Bruce
       COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE